CASE 43—PETITION EQUITY—OCTOBER 23.

## Page, &c., vs. Miller's devisees.

APPEAL FROM HARRISON CIRCUIT COURT.

Where a will directs the payment of a legacy out of a specified fund, and if that should prove insufficient, the deficiency to be raised after the widow's death out of property devised to her for life, the legacy will not carry interest after a year from the testator's death, the time of payment being fixed within the meaning of 2 *Rev. Stat.*, sec. 2. p. 2 (1 *Duvall*, 117).

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The payment of the legacies depended first upon the collection of the debts due the testator and the sufficiency of the fund dedicated for that purpose; secondly, should this prove insufficient, that the deficit be raised, after the widow's decease, out of the property devised to her for life.

This must be regarded as fixing the day of payment, by the testator, within the meaning and contemplation of the statute (2 *Stant. Rev. Stat.*, sec. 2, p. 2), and such has been the construction heretofore given by this court in *Lasley's ex'r vs. Lasley* (1 *Duvall*).

It is agreed that the funds to pay these legacies did not come to the executor's hands until 1857, and that he was not derelict in duty. The chancellor, therefore, properly refused to decree interest previous to the year 1857.

Wherefore, the judgment is affirmed.